## THE ARMS PALACE AND STOCK CAR COMPANY

### *v.*

### THE STATE OF ILLINOIS.

*Opinion filed August 10, 1898.*

CONTRACTS—*with State to transport horses to encampment I. N. G.* Claimant made contract with Adjutant General for furnishing cars for transportation of horses from Bloomington and Chicago to Springfield and return.  Court reviews evidence and finds such cars were necessary and were used for transportation of horses for the I. N. G. encampment at Springfield, Illinois, and makes award.

It appears from the statement of claimant, and the papers on file before the Commission, that the claimant, The Arms Palace and Stock Car Company is a corporation organized under the laws of the State of Ohio, and qualified to do business in the State of Illinois, and in pursuance of the business for which said corporation was organized, that of furnishing horse and stock cars for the transportation of animals, did on the 10th of July, 1896, enter into a contract with the military authorities of the State of Illinois represented by C. C. Hilton, Adjutant General of the State of Illinois, to furnish one car for the transportation of animals from Chicago to Springfield and return; for which service the State of Illinois became bound through its officers to pay to the said claimant the sum of thirty-two dollars.  And afterward on July 25, 1896, the claimant entered into a contract with the same representatives of the State of Illinois to furnish two cars for the transportation of stock from Bloomington, Illinois, to Springfield, Illinois, and return for which service the said officers of the State of Illinois agreed to pay the sum of forty-eight dollars to the claimant.

It further appears from the papers on file before the Commission, that the said cars were necessary and were used for the transportation of horses for the use of the I. N. G. encampment at Springfield, Illinois.

It further appears from the files that the claimant in every way fulfilled his contracts and that the claimant has not received any part of the consideration named in the contracts.

We do not deem it necessary or essential to go into the facts relative to the filing of this claim before this Commission; suffice it to say that in the judgment of the Commission the services were rendered by the claimant for the benefit of the State of Illinois, in a legitimate channel, and at the request of persons in authority to make such request, and to legally bind the State by such contracts. In the judgment of the Commission the charges are reasonable and should have been paid at the time the service was rendered.

The judgment of the Commission is that eighty dollars, the full amount demanded by the claimant is awarded and appropriation for the same recommended.